UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61200-LEIBOWITZ/AUGUSTIN-BIRCH

MARK APPELGREN,

    *Plaintiff*,

v.

SPIRIT AIRLINES, INC.,

    *Defendant.*

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Request for Guidance (the "Motion") [ECF No. 30], filed on October 16, 2024.  Plaintiff apologizes to the Court for his oversight in filing the Second Amended Complaint and now wishes to file a Third Amended Complaint.  If Plaintiff seeks to file a Third Amended Complaint, he must move for leave to file a Third Amended Complaint.  However, the deadline to file all motion to amend pleadings according to this Court's Scheduling Order was **October 14, 2024**.

Leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.'"  *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "However, leave to amend is by no means automatic.  The decision to grant or to deny leave to amend is within the discretion of the trial court."  *Layfield v. Bill Heard Chevrolet*

*Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).[1]  The Court has the inherent authority to control its own docket by entering orders setting the course of conduct for the proceedings in trial.  *See Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994).  Accordingly, a party "seeking leave to amend … after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."  *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).  "This good cause standard precludes modification unless the schedule[d] [deadline] cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  A court properly denies a motion to amend a pleading based on a finding that a party demonstrated a "lack of diligence in pursuing her claim" or exhibited "unexplained tardiness."  *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241; *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).  Thus, Plaintiff must demonstrate good cause if he submits a motion for leave to file a Third Amended Complaint.  Given Plaintiff's delay in failing to file the Second Amended Complaint, the Court will not allow further delays moving forward.  Upon due consideration, it is

**ORDERED AND ADJUDGED** that the Motion [**ECF No. 30**] is **DENIED AS MOOT**. Plaintiff shall file the Second Amended Complaint or a motion for leave to file a Third Amended Complaint, if Plaintiff can demonstrate good cause to do so, **no later than October 28, 2024**.

**DONE AND ORDERED** in the Southern District of Florida on October 17, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     Mark Appelgren, *pro se*
        counsel of record

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.